No. 23,143.

J. W. MYERS, *Appellee,* v. J. H. MILLS, *Appellant.*

SYLLABUS BY THE COURT.

1. MORTGAGE LIENS—*Redemption—Sufficient Pleadings.* The petition stated a cause of action for the redemption of real property from mortgage liens.

2. SAME—*Deed Constituted a Mortgage—Evidence—Demurrer.* There was evidence sufficient to establish that a deed and a writing given at the same time by the grantee to the grantor constituted a mortgage, and, for that reason, a demurrer to the plaintiff's evidence was properly overruled.

3. SAME—*Evidence—Findings of Fact.* Findings of fact of which complaint is made were supported by evidence.

4. APPEAL—*Evidence Not Abstracted to Supreme Court—Not Reviewable.* A judgment will not be reversed for the exclusion of evidence on the trial of an action where that evidence was produced on the hearing of a motion for new trial but is not abstracted nor otherwise presented to the supreme court for consideration.

Appeal from Chase district court; WILLIAM C. HARRIS, judge. Opinion filed April 9, 1921. Affirmed.

*W. R. Hazen,* of Topeka, and *F. A. Meckel,* of Cottonwood Falls, for the appellant.

*R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered a judgment declaring a deed held by the defendant to real property to be a mortgage and requiring him to convey the property to the plaintiff on the payment of that mortgage and of a first mortgage on the property. The defendant appeals.

Findings of fact and conclusions of law were made, as follows:

"In 1909 plaintiff Myers bought the land in controversy of one J. F. Keith for an agreed consideration of $12,000. He paid Keith $1,000 in cash and assumed a $6,000 mortgage which was on said land in favor of Umstead and gave a mortgage to Keith for $5,000 balance in payment for the land. Myers, with his family, entered into possession of the land

in question and has remained in possession and lived thereon with his family ever since, claiming to be the owner of it, subject to the incumbrance of $5,000 on account of the Keith mortgage and the $6,000 Umstead mortgage, and accumulated interest thereon.

"About five years after the purchase of said land by Myers from Keith, and in December, 1914, Keith approached Myers with a proposition to deed the farm back to him and purposed to give him, Myers, a contract to reconvey, Keith's purpose and stated reason for entering into such an arrangement was to avoid the payment of taxes on the $5,000 mortgage held by him.

"On December 15th, 1914, in pursuance of said proposition, Myers deeded the land to Keith and Keith released the $5,000 mortgage and returned the notes except one of $600 or $700 given as interest on the $5,000 mortgage, which latter note Myers afterward paid to Keith. Keith, at the time of this transaction, gave Myers an agreement to reconvey, upon the payment of the $5,000 to Keith and the $6,000 to Umstead and the taxes.

"The date for the expiration of said contract was fixed at January 1, 1917. The agreement was unilateral, being signed only by Keith. Myers fulfilled the terms of the contract up to the time named therein for its termination. Keith afterward renewed the Umstead mortgage for one year, when it fell due, and paid it at the expiration of the year. Myers has paid all the taxes on the land in question to date and no offer has been made to repay him for the same. He also paid interest on the Umstead mortgage up to the time of its renewal by Keith.

"Time was not of the essence of the contract, nor did the parties so regard it. Keith had orally agreed with Myers that he might complete the terms of this contract at any time, which would mean a reasonable time.

"After the date set for the expiration of the contract and on January 28th, 1917, Keith wrote Myers expressing the hope that he could raise the money and pay him off. This was in response to a letter from Myers to Keith regarding the payment of the balance of the money.

"Myers wrote Keith letters at intervals regarding the payment of the indebtedness up to October 9th, 1918, but to the letter of that date Keith made no answer. In a letter by Keith to Bruner, written March 14th, 1917, regarding the Umstead mortgage and the Myers indebtedness on the farm Keith wrote to Bruner to secure an extension of the Umstead mortgage, and expressed a doubt as to whether the arrangement of renewing this mortgage would suit Myers, and states that he would like to have his, Keith's money, but could wait if he could not get it at that time.

"On April 21st, 1917, Keith again wrote Bruner, asking him to find out about the taxes, stating that Jake (Myers) was to pay them and the interest but had 'fell' down on the interest and had probably not paid the taxes.

"On April 16th, 1918, Keith wrote Frank M. Sayre concerning this land and said: 'I have been indulging Jake (Myers) and waiting on him, thinking he would find a buyer for the place and make a little money for

himself but I have lost hopes of him doing anything. He will promise. and not do anything.'

"Keith never notified Myers that we would claim a forfeiture of the contract under the contract of December 15th, 1915, nor commenced any action to foreclose the Myers interest in the land.

"Keith claimed at the trial that Myers had been his tenant ever since the execution of the contract. Myers denied this and testified that the question of tenancy never was broached to him except one time and that at that time he told Keith he would not occupy the land as a tenant and refused to execute the lease and no lease was ever made. Myers was not at any time during the period mentioned herein a tenant of Keith.

"In the late summer of 1918 Mills entered into negotiations with Myers for the purchase of the land in question as the owner of the same, through his brother Harry Mills. The land was looked over and the defendant with his brother, came a second time to look the land over, but did not talk to Myers at the time about the purchase. The land was priced on the first occasion by Myers to Mills and the second visit followed as a result of this conference.

"Mills had no further negotiations with Myers regarding the matter but on the 12th day of November, 1918, entered into a contract and received a deed from Keith to this land.

"Mills knew, at all times during all of these negotiations, that Myers was in possession of the land and claimed to be the owner thereof, and that he was living thereon with his family. Mills not only had notice of the occupancy of the plaintiff Myers of this land, but also had notice of his claim of ownership and bought the same with full knowledge of these matters.

"The deed to Keith was, in effect, a mortgage to secure the payment of the balance due. Myers tenders performance and is refused.

"Under the circumstances of this case Myers is entitled to a conveyance of this real estate to him from defendant Mills on the payment of the $5,000 and the $6,000 incumbrances, with interest thereon. Upon such payment to defendant Mills, or into court, said Mills should convey the land to said Myers, and upon his failure so to do the decree of this court shall operate as a conveyance of the land to plaintiff Myers, and the plaintiff Myers is entitled to recover his costs herein."

1. One proposition argued by the defendant is that the petition did not state a cause of action. This argument is based on the contention that the writing signed by J. F. Keith was merely an option, unilateral in its nature, and was not a defeasance.

The petition alleged that the plaintiff purchased the land in controversy from J. F. Keith and, in consideration, assumed and agreed to pay a mortgage on the land for $6,000, gave to Keith a mortgage thereon for $5,000, and paid him $1,000 in cash. The petition also alleged—

"That thereafter, and on the 15th day of December, 1914, a contract was entered into between this plaintiff and the said J. H. Keith, whereby the indebtedness evidenced and secured by said mortgages should be evidenced by an instrument in the form of deed of conveyance and a contract to reconvey; that said agreement was partly oral and partly in writing; that the oral part of said agreement was that if this plaintiff would execute and deliver a paper in the form of a deed for said land to said J. F. Keith, that the said J. F. Keith would satisfy of record the said mortgages upon said land, and would release said land to this plaintiff when the indebtedness evidenced and secured by said mortgages was paid, to said J. F. Keith; that said paper was so executed and delivered. That said paper, or a copy thereof, is not in the possession of this plaintiff and for that reason a copy is not attached to or made a part of this petition, but the plaintiff alleges that the same is of record in the office of the register of deeds of Chase county, Kansas. That as evidence of said agreement to release said land upon the payment of said indebtedness, the said J. F. Keith executed and delivered to this plaintiff his certain writing in words and figures, as follows:                                                   •

" 'This indenture made this 15th day of December, 1914, by J. F. Keith,. of Butler County, Kansas, to J. W. Myers, of Chase County, Kansas.. That J. F. Keith agrees that if said J. W. Myers make payments as follows: One certain note due Jan. 1st, 1915, and is extended one year. And the interest on a certain $6,000 Six Thousand Dollar mortgage to E. H. Umstead as due and all tax levied on and as due, all on the East Half of Section (36) Thirty-six in Township (22) Twenty-two in Range (5) Five East of the Sixth P. M., Chase County, Kansas, except one acre off of the northeast corner, payments is as rents on said lands. And if J. W. Myers. pays or cause to be paid all the above and assume the Six Thousand Dollar mortgage given to E. H. Umstead and pays or cause to be paid to J. F. Keith or his authorized agent Five Thousand Dollars on or before January 1st, 1917. Said J. F. Keith agrees to relinquish all rights and title to said land that is in him, to said land. If said J. W. Myers fails to pay any of the above covenants when due, then this contract is no good and at an end.' "

The petition further alleged that the plaintiff was in possession of the property; that he was ready, able and willing to pay the debts secured by the mortgages; and that the defendant, who purchased the property from Keith, refused to accept the money and refused to reconvey the property to the plaintiff.

When considered in connection with the facts alleged in the petition, it must be said that the instrument signed by Keith did not give an option to purchase the land, but was a defeasance in a mortgage given to Keith by the plaintiff, the owner of the land. The petition stated a cause of action.

2. At the close of the evidence of the plaintiff, the defendant demurred thereto; that demurrer was overruled; the defendant complains of that ruling. The evidence of the plaintiff established sufficient of the facts found by the court to justify the conclusion that the deed given by the plaintiff to Keith and the writing given by Keith to the plaintiff constituted a mortgage to secure the payment of the $5,000 that was to be paid by the plaintiff to Keith. There was no error in overruling the demurrer to the plaintiff's evidence.

3. The defendant complains of some of the findings made by the court. One of these concerns Keith's purpose in asking the plaintiff to make a conveyance of the land to Keith. Another concerns the time for the completion of the contract, and another the character of the occupancy of the land by plaintiff. An examination of the evidence and of these findings reveals that each finding was amply supported by evidence. Another finding, about the correctness of which there may be some question and of which complaint is made, concerns the plaintiff's fulfillment of the terms of the defeasance up to the time named in it for its termination. The defendant contends that all of the interest on the $6,000 mortgage had not been paid by the plaintiff up to that time. Even if this finding were erroneous, it would not be sufficient to justify a reversal of the judgment for the reason that the conveyance to Keith and the writing signed by him constituted a mortgage, and that, until foreclosure, the plaintiff would have the right to pay the $5,000 mortgage, notwithstanding the fact that the terms or conditions named in the defeasance apparently barred his right to make that payment. There is nothing in any of these findings to justify a reversal of the judgment.

4. The defendant complains of the exclusion of evidence. That evidence was presented on the hearing of the motion for a new trial, but it has not been abstracted. This court is unable from the abstract to determine what that evidence was and cannot say that its exclusion was sufficient to justify a reversal of the judgment.

The judgment is affirmed.

OPINION ON REHEARING MODIFYING FORMER OPINION.

(Filed November 12, 1921.)

SYLLABUS BY THE COURT.

REDEMPTION FROM MORTGAGE SALE—*Ability of Mortgagor To Make Payments Immaterial.* In an action to enforce the right to redeem real property from a mortgage thereon, the ability of the mortgagor to make the payments at any particular time before the action is commenced, is immaterial, and a judgment giving the right to redeem will not be reversed for restricting cross-examination of the plaintiff on that question.

The opinion of the court was delivered by

MARSHALL, J.: The opinion in this action was filed April 9, 1921. A rehearing was granted on two propositions: one, on the restriction of the defendant in his cross-examination of the plaintiff, and the other, on the indefiniteness of the judgment.

On cross-examination of the plaintiff, he testified as follows:

"Q. How did you expect to pay for the farm? A. I had the money.

"Q. Had the money at that time? A. Yes, sir; when I wrote to Mr. Keith I had it.

"Q. How long before that had you been in financial condition to pay Mr. Keith up? A. I had not been until that time. Up to that time I wrote him."

He was then asked:

"Q. What arrangement had you made to get the money and from whom at that time? How did you expect to raise the money for it?"

An objection to that question was sustained. It is urged that this was error, and that, if the court had allowed the question to be answered, the witness would have been forced to admit that his former testimony was untrue and that he did not have the money with which to redeem and had no way of getting it except through a sale to the defendant.

The purpose of the action must not be forgotten. It was only to compel the defendant to permit the plaintiff to redeem the land from a mortgage. The defendant denied that the instrument was a mortgage, but the court found that it was, and that being true, the plaintiff had the right to redeem whether he had the money or not. Under the finding of the court, the plaintiff's ability to redeem at any particular time before the action was commenced was immaterial.

It is contended that the judgment is indefinite in that it does not fix the time for the expiration of the period of redemption and does not fix the dates from which interest is to be computed on each of the amounts named in the judgment and to what dates the interest shall be calculated.

It is proper that the amount of the judgment and interest be made definite, and that this litigation be settled in the present action. The cause is therefore remanded with direction to enter judgment in favor of the defendant for the amount of the $6,000 mortgage which the plaintiff assumed and agreed to pay and the interest thereon at the rate specified therein, and for the amount of the $5,000-mortgage debt to Keith with interest thereon at six per cent per annum from January 1, 1917, all interest to be calculated to the day judgment is finally rendered—and to enter judgment giving the plaintiff ninety days therefrom in which to redeem the land, and, if at the end of ninety days such redemption has not been made, an order of sale shall issue and the land be sold thereunder; and, on confirmation of the sale, a deed shall at once issue, and the purchaser shall then be given possession of the property without further right of redemption in behalf of the plaintiff.

Except as above modified, the judgment is affirmed, and the former opinion is adhered to.